IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Albert T. Harris, #296543, ) | Civil Action No.:2:13-2755-JMC-WWD |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden, Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, Albert T. Harris, #296543, a state prisoner proceeding *pro se*,

seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from three state convictions.

This matter is before the Court upon Respondent's Motion for Summary Judgment.

(Dkt. No. 23).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned magistrate judge is authorized

to review the instant petition for relief and submit findings and recommendations to the

District Judge.

The Petitioner brought this habeas action on October 10, 2013. (See Dkt. No. 1)

On March 17, 2014, Respondent filed a Motion for Summary Judgment[1]. (Dkt. No. 23;

see also Dkt. No. 24.)  By order filed March 17, 2014, pursuant to Roseboro v. Garrison,

---

[1] Respondent attached the following exhibits to his motion:
Appendix, the Honorable Roger M. Young,
Petition for Writ of Certiorari (PCR Appeal),
Anders Brief Pursuant to White v. State (Belated Direct Appeal),
*Pro se* Response to Anders Brief Pursuant to White v. State (Belated Direct Appeal),
Order of S.C. Court of Appeals Granting Writ of Certiorari and Dismissing Direct Appeal,
Remittitur (PCR and Belated Direct Appeal).

528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 25.)  Petitioner filed his Response in Opposition on or about May 6, 2014. (Dkt. No. 29.)  Hence it appears consideration of the motion is appropriate.

PROCEDURAL HISTORY

Petitioner is currently confined in the Broad River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Berkeley County.  Petitioner was indicted at the November 2007 term of the Berkeley County grand jury for Murder (2007-GS-08-2088), Burglary in the 1st degree (2007-GS-08-2091), and Armed Robbery (2007-GS-08-2090).  William J. Clifford, Esquire, represented Petitioner on the charges.  On January 26, 2009, Petitioner pled guilty before the Honorable Kristi L. Harrington, Circuit Court Judge ("the plea/sentencing court") to the lesser included offense of Involuntary manslaughter (2007-GS-08-2088) and, as indicted, for Burglary in the 1st degree (2007-GS-08-2091) and Armed Robbery (2007-GS-08-2090).  A charge of Assault and Battery with Intent to Kill (ABWIK) was dismissed.  This was a negotiated plea or sentence to between fifteen (15) and thirty (30) years in prison.  Judge Harrington sentenced Petitioner to twenty-five (25) years for Burglary in the 1st degree, ten (10) years for Armed Robbery, and Five (5) years for involuntary manslaughter.  The sentences were ordered to run concurrently.  Subsequently, Petitioner testified against a co-defendant in the same case.  Petitioner then filed a Motion for Reconsideration of Sentence.  On June 12, 2009, Judge Harrington denied Petitioner's Motion for Reconsideration of Sentence.  Petitioner did not appeal his guilty pleas or sentences. (App. pp. 1-59).

2

Petitioner filed an application for post-conviction relief (PCR) on September 1, 2009. (2009-CP-8-2981).  The State filed a Return on March 2, 2010.  An evidentiary hearing into the matter was convened on January 27, 2011, at the Charleston County Courthouse before the Honorable Roger M. Young, Circuit Court Judge ("the PCR Court").  Petitioner was present at the hearing and testified, represented by Christopher J. Louden, Esquire.  Also testifying was Petitioner's plea counsel William J. Clifford, Esquire.  The PCR Court also had before it a copy of the transcript of the proceedings against Petitioner, the records of the Berkeley County Clerk of Court, and Petitioner's records from the South Carolina Department of Corrections.

On February 24, 2011, the PCR Court issued its Order of Dismissal denying and dismissing the PCR application with prejudice except for granting Petitioner a belated direct appeal pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974).  The Order was filed with the Berkeley County Clerk of Court on February 28, 2011.

After first reviewing the procedural history and posture of the case, the PCR Court noted that in the application, Petitioner alleged he was being held in custody unlawfully for the following reasons:

1. Ineffective assistance of counsel in that counsel failed to thoroughly investigate the case.

2. Judge erred in abusing her discretion by enhancing Petitioner's nonviolent charges.

3. Violation of due process in that counsel failed to advise Petitioner of right to appeal.

PCR Court's Findings of Fact and Conclusions of Law

In its order, the PCR Court noted it had the opportunity to review the record in its entirety and had heard the testimony and arguments presented at the PCR hearing. The Court noted it also had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. The Court pointed out it had weighed the testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to South Carolina Code Section 17-27-80 (1985).

The PCR Court noted that Petitioner testified that plea counsel felt it was in Petitioner's best interest to plead guilty. He asserted that at first he refused to cooperate with the Solicitor's Office against his co-defendants, but he decided to testify against his co-defendants after the plea so the victim's family could know the truth. He testified that the State extended a plea offer in October 2008, but he rejected the plea offer and declined to cooperate against his co-defendants at that time. Petitioner asserted that he admitted his gun discharged, but he did not admit to murder. He testified that after his guilty plea he testified against co-defendant Cory Prioleau. Petitioner noted that Mr. Prioleau was sentenced to fifteen (15) years for burglary – 1st degree and ten (10) years for armed robbery after trial. James McDaniel, another co-defendant, was sentenced to sixteen (16) years following his guilty plea to accessory before the fact to armed robbery.

Petitioner testified that counsel never consulted with him about an appeal. He testified that at one point counsel said he had every intention to appeal, but they never discussed the issues. Petitioner testified that he never discussed an appeal with

4

counsel after the motion for reconsideration was denied.  He asserted that he wanted an appeal and that his appeal issue would have been regarding sentencing.

The PCR Court noted that plea counsel testified that he was retained by Petitioner's grandmother and he met with Petitioner 10-15 times prior to the plea hearing.  He testified that he reviewed the Rule 5 materials with Petitioner, hired a private investigator that spoke with people who made statements, and thoroughly investigated whether it was Petitioner's gun that fired.  He testified that Petitioner gave a statement in which he admitted that his weapon discharged twice, and several witnesses gave statements indicating that they heard only two shots.  Counsel asserted that he argued from the beginning that it was not a murder case, but his bigger concern was getting around the confession to burglary and armed robbery.  He testified that the solicitor would not budge on the burglary – 1st degree charge.  Counsel believed the State would seek life if Petitioner went to trial.  He testified he went over the negotiated sentence range of 15-30 years with Petitioner.

Counsel testified that he filed a motion for reconsideration after the plea, and Petitioner subsequently cooperated with the State by testifying against one of the co-defendants.  Counsel asserted that the Solicitor told him he, the Solicitor, could not ask for a reduced sentence, but he would not oppose a reduced sentence at the motion for reconsideration hearing.  He testified that he believed twenty-five (25) years was harsh, but it was within the negotiated range of 15-30 years so the plea court did not abuse its discretion.  Counsel testified that he believed Petitioner's prior burglary – 3rd degree and strong arm robbery convictions were important in the plea court's decision not to reduce the sentence.  He asserted the only traction for appeal might have been

5

that the judge took Petitioner's experience in the Navy into consideration to his

detriment in that she commented that he should have known better.

Counsel testified that he received an e-mail from the Solicitor, Mikell Henderson,

in October 2008 that indicated the State might be willing to defer sentencing if Petitioner

cooperated against the co-defendants. Counsel asserted that Petitioner was resistant to

plead guilty until a week before the plea in January 2009.  He asserted that it was

difficult to get Petitioner to cooperate with the State even after a plea.  Counsel testified

that he was surprised that the plea judge did not reduce the sentence at the motion for

reconsideration hearing.  Counsel testified that Petitioner did not ask him to file an

appeal on the plea or the motion for reconsideration. He asserted that he probably

would have appealed the motion for reconsideration if he had received an order on that

motion.

Ineffective Assistance of Counsel

The PCR Court noted that Petitioner alleged he received ineffective assistance of

counsel as a ground for relief.  The PCR Court pointed out that in a post-conviction

relief action, the applicant has the burden of proving the allegations in the application.

Citing Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

Where ineffective assistance of counsel is alleged as a ground for relief, the applicant

must prove that "counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied upon as having produced a just

result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064 (1984); Butler,

286 S.C. 441, 334 S.E.2d 813 (1985).

The PCR Court noted the proper measure of performance is whether the

attorney provided representation within the range of competence required in criminal

cases.  Furthermore, reviewing courts presume that counsel rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment. Strickland, 466 U.S. 668.  In addition, the applicant must overcome this

presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

The PCR Court also pointed out that courts use a two-pronged test in evaluating

allegations of ineffective assistance of counsel.  First, the applicant must prove that

counsel's performance was deficient.  Second, counsel's deficient performance must

have prejudiced the applicant such that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different."

Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.  The PCR Court also noted a

reasonable probability is a probability sufficient to undermine confidence in the outcome

of the trial. Johnson v. State, 325 S.C. 182, 480 S.E.2d 733 (1997).

The PCR Court noted that to be knowing and voluntary, a plea must be entered

with a full understanding of the charges and the consequences of the plea. Boykin v.

Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712 (1969).  When determining issues

related to guilty pleas, the court will consider the entire record, including the transcript of

the guilty plea, and the evidence presented at the post-conviction relief hearing.

Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000)(citing Harris v. Leeke,

282 S.C. 131, 318 S.E.2d 360 (1984).  When a defendant pleads guilty on the advice of

counsel, the plea may only be attacked through a claim of ineffective assistance of

counsel. Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2002) (citation

omitted).

7

The PCR Court found that counsel's testimony was credible.  The Court found that counsel was a trial practitioner who had extensive experience in the trial of serious offenses.  Counsel conferred with Petitioner on numerous occasions. During conferences with Petitioner, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Petitioner's constitutional rights, Petitioner's version of the facts, and possible defenses or lack thereof.  The Court found the record reflected that Petitioner understood the nature of the charges against him, the possible punishments, and his constitutional rights.  He told the court that no one threatened him or promised him anything to get him to plead guilty.  He also told the court that it was his decision to plead guilty and he was doing so freely and voluntarily. The Court held that it was Petitioner's decision to plead guilty, and he entered the plea, freely, voluntarily, knowingly, and intelligently.

Regarding Petitioner's claim of ineffective assistance of counsel, the Court found Petitioner had failed to meet his burden of proof.  The Court found that Petitioner's attorney demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; Butler, 286 S.C. 441, 334 S.E.2d 813.  The Court further found counsel adequately conferred with Petitioner, conducted a proper investigation, and was thoroughly competent in his representation.  The Court found that counsel's representation did not fall below an objective standard of reasonableness.

The Court found that counsel was not ineffective for failing to request the plea court defer sentencing until after Petitioner cooperated with the State.  Counsel testified

8

that the Solicitor made an offer to defer sentencing in October 2008, and at that time Petitioner refused to plead guilty.  Counsel asserted that Petitioner did not agree to plead guilty until a week before the plea in January 2009.  Counsel also testified that it took some persuasion to get Petitioner to cooperate even after the plea.  The Court found that there was not an agreement prior to the plea that Petitioner would cooperate against the co-defendants, and thus his cooperation was not a consideration in the plea court's original sentence.

Accordingly, the Court found Petitioner had failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms.  Petitioner failed to present specific and compelling evidence that counsel committed either errors or omissions in his representation of Petitioner.  Petitioner failed to show that counsel's performance was deficient.  The Court also found that Petitioner had failed to prove the second prong of Strickland, specifically that he was prejudiced by plea counsel's performance. Petitioner's complaints concerning counsel's performance – other than his failure to appeal – were without merit and were denied and dismissed.

Failure to Appeal

The Court then considered Petitioner's allegation that he did not freely and voluntarily waive his right to a direct appeal. The Court found that Petitioner was entitled to a review of direct appeal issues pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974).  The Court noted that in White v. State, the South Carolina Supreme Court determined that, where the post-conviction relief judge finds the applicant did not freely and voluntarily waive his appellate rights, the applicant may petition the South Carolina

Supreme Court for review of direct appeal issues.  Based upon the fact that counsel did

not appeal Petitioners' denial of his motion for reconsideration, the Court concluded

Petitioner was entitled to a review of his guilty plea and motion for reconsideration

pursuant to White v. State.  In order to secure this review, however, Petitioner must

appeal from this Order.

All Other Allegations

As to any and all allegations that were raised in the PCR application or at the

hearing in this matter and not specifically addressed in this Order, the Court found

Petitioner failed to present any evidence regarding such allegations.  Accordingly, the

Court found Petitioner waived such allegations and failed to meet his burden of proof

regarding them. Therefore, they were denied and dismissed.

Conclusion to the Order of Dismissal

Based on all the foregoing, the Court found and concluded that all allegations

except for the appeal issue were without merit.  Therefore, all issues other than the

appeal issue were denied and dismissed with prejudice.  With respect to the appeal

issue, the Court found that Petitioner did not freely and voluntarily waive his right to a

direct appeal.  Petitioner was therefore granted a review of direct appeal issues

pursuant to White v. State, 263 S.C. 110, 108 S.E.2d 35 (1974).

The Court advised Petitioner that he must file a notice of intent to appeal within

thirty (30) days from receipt of written notice of entry of this Order to secure appropriate

appellate review.  His attention was also directed to Rules 203, 206, and 243 of the

South Carolina Appellate Court Rules for the appropriate procedures to follow after

notice of intent to appeal had been timely served and filed.

10

It was therefore ordered that all PCR issues other than the failure to appeal were denied and dismissed with prejudice.  Petitioner was entitled to a review of direct appeal issues pursuant to White v. State; and Petitioner was remanded to the custody of Respondent for completion of his sentences.

The Appeal from the Denial of PCR

Petitioner appealed from the denial of PCR and the grant of a belated direct appeal by way of a Petition for Writ of Certiorari (PCR appeal) and an Anders brief (belated direct appeal) to the South Carolina Supreme Court.  Petitioner was represented in this appeal by Robert Pachak of the South Carolina Office of Appellate Defense.  In the Petition for Writ of Certiorari, Petitioner raised the following issue to the South Carolina Supreme Court:

> 1. "Whether there was any evidence to support the PCR judge's finding that petitioner was entitled to a belated appeal of his guilty plea?"

(Petition for Writ of Certiorari, p. 2).  In the "Anders Brief Pursuant to White v. State," Petitioner raised the following direct appeal issue to the South Carolina Supreme Court:

> Whether the plea court erred in denying petitioner's motion to reconsider his sentence which was disparate?

Counsel certified to the South Carolina Supreme Court the appeal was without merit and asked to be relieved as appellate counsel. (Anders Brief Pursuant to White v. State, p. 7). Petitioner filed a *pro se* Response to the Anders brief in which he raised the following direct appeal issue[2] to the South Carolina Supreme Court:

---

[2] Petitioner also raised ineffective assistance of counsel claims in his *pro se* Response to the brief, which is not permitted, as Petitioner's appeal from PCR was a merits brief only raising the ineffective assistance of counsel for failing to advise of or file a direct appeal.

Whether the plea court erred in denying petitioner's motion to reconsider his sentence which was disperate? (Sic).

The appeal was transferred to the South Carolina Court of Appeals. On September 11, 2013, the South Carolina Court of Appeals granted certiorari and proceeded with review of Petitioner's direct appeal issue pursuant to <u>Davis v. State</u>, 288 S.C. 290, 342 S.E.2d 60 (1986).  After a thorough review of the record and all briefs pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and <u>State v. Williams</u>, 305 S.C. 116, 406 S.E.2d 357 (1991), the Court of Appeals dismissed the appeal and granted counsel's motion to be relieved.  The Remittitur was issued on September 27, 2013. The instant federal habeas petition was filed on October 8, 2013.

## FEDERAL HABEAS GROUNDS FOR RELIEF PRESENTED

Ground One: Ineffective assistance of counsel in that counsel failed to thoroughly investigate case.

Supporting facts: Attorney only investigated gunshot residue tests taken on victim of robbery, the scene of crime and questioning of witnesses, also according to coroner's report, the t-shirt is explained as having (2) holes on neckband consistent with GSR and 2 exit wounds on the back (1) right upper (1) left lower, same place where partial projectile was extracted.

Ground Two: Judge erred by abuse of discretion in that he/she enhanced petitioner's non-violent charges.

Supporting facts: Judge stated at reconsideration hearing that she sentenced petitioner with the understanding that petitioner had (2) prior strong armed robbery charges and solicitor clarified that only (1) prior strong armed robbery conviction.

Ground Three: Violation of Due Process in that counsel failed to inform petitioner of his right to appeal.

Supporting facts: Plea counsel admitted to not informing petitioner of his right to appeal during questioning at post-conviction relief hearing.

12

APPLICABILITY OF THE AEDPA

The present habeas petition was filed on October 8, 2013.  Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v.Murphy</u>, 521 U.S. 320 (1997).  Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to", or involved an unreasonable application of "clearly established federal law as decided by the United States Supreme Court", or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. Section 2254(d).  State court factual findings are presumed to be correct and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. Section 2254(e)(1).

## **APPLICABLE LAW**

### **Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party."  <u>The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth</u>., 597 F.3d 570, 576 (4th Cir. 2010) (citing <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be

drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999));

see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

A review of the record and relevant case law reveals that the Respondent's

motion should be granted and this matter ended.

As a preliminary matter, the Respondent agrees that this petition is timely filed

within the one-year statute of limitations of the Anti-Terrorism and Effective Death

Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2244(d)(1).  Likewise the Respondent

agrees that the Petitioner has no state remedies available to him; he exhausted all

available state law remedies as required. See O'Sullivan v. Boerckel, 119 S.Ct. 1728

(1999).

Nevertheless, Respondent argued that grounds one and two presented here

have been procedurally defaulted and hence, cannot be reviewed on the merits by this

court, and that ground three is moot.  It appears the Respondent is correct.

"In order to protect the integrity of [the] exhaustion" requirement, the Supreme

Court has "also crafted a separate waiver rule . . . known as the procedural default

doctrine." Id. at 1736-37 (Stevens, J., dissenting).  Thus, not only must a prisoner

exhaust, he must have done so by giving the state courts a fair opportunity to pass on

his claims. Id.   In order to give the state courts the requisite "fair opportunity," the claim

brought in federal court must be the substantial equivalent of the claim presented to the

state courts. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3rd Cir. 1985).  The

Petitioner must provide the state courts with all of the facts to support a constitutional

claim, as well as the same governing legal arguments that would be made in a federal

14

court. See, e.g., Williams v. Holbrook, 691 F.2d 3,6 (1st Cir. 1982). In Mallory v. Smith,

27 F.3d 991, 994 (4th Cir. 1994), the Fourth Circuit observed that the test for exhaustion

was not simple notice, and that "a habeas petitioner cannot simply apprise the state

court of the facts underlying a claimed constitutional violation, the petitioner must also

explain how those alleged events establish a violation of his constitutional rights." The

court went on to say that "[t]he ground relied upon must be presented face-up and

squarely; the federal questions must be plainly defined." Id. at 995. Claimed errors at

trial, on appeal, and on state collateral review must be presented to the appropriate

state court in accordance with state procedure or they are considered waived, and if

thus waived, may be technically exhausted because there are no state remedies

available, but they may still be procedurally defaulted because the prisoner has

impinged the state court's ability to correct or even address the claimed errors. See

O'Sullivan, 119 S.Ct. at 1737-38.

    In Coleman v. Thompson, 501 U.S. 722 (1991) the Supreme Court observed that

it would not review a question of federal law decided by a state court where the state

court's decision rested on a state law ground that was independent of the federal

question and adequate to support the judgment, and that this principle applied whether

the state law ground was substantive or procedural. 501 U.S. at 729. The Coleman

Court further acknowledged that this "independent and adequate state ground" doctrine

applied both on its direct review of state court decisions, as well as to the claims of state

prisoners in habeas corpus actions. Id. The doctrine applies to bar federal habeas relief

when a state court declines to address a prisoner's federal claims because the prisoner

has failed to meet a state procedural requirement. Id. at 729-30. The Fourth Circuit

15

summarized the procedural bar doctrine by observing that:

> Absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court had declined to consider their merits on the basis of an adequate and independent state procedural rule.  Such a rule is adequate if it is regularly or consistently applied by the state court, and it is independent if it does not depend on a federal constitutional ruling.

Boyd v. French, 147 F.3d 319, 331 (4th Cir. 1998), cert. denied, 525 U.S. 1150

(1999)(internal citations and quotations omitted); see also, Wilson v. Moore, 178 F.3d

266, 272-73 (4th Cir.), cert. denied, 120 S.Ct. 191 (1999).

As set forth above, Petitioner asserts in Ground One that counsel was ineffective

"in that counsel failed to thoroughly investigate [the] case." Petitioner stated,

> Attorney only investigated gunshot residue tests taken on victim of robbery, the scene of crime and questioning of witnesses, also according to coroner's report, the t-shirt is explained as having (2) holes on neckband consistent with GSR and 2 exit wounds on the back (1) right upper (1) left lower, same place where partial projectile was extracted.

(See Pet.)

This ground  is procedurally barred because it was procedurally defaulted in state

court.  Petitioner conceded there was no merit to this issue at PCR. (App. p. 88).

Further, Petitioner did not appeal this issue to the South Carolina Supreme Court from

the denial of PCR. (See Petition for Writ of Certiorari)(merits brief).  In addition, he could

not raise this issue in his pro se Response to the Anders brief, because in that brief he

could only raise direct appeal issues.  As a result, this ground is procedurally barred on

federal habeas review. Coleman v. Thompson, 501 U.S. 722 (1991) (issue not properly

raised to the state's highest court, and procedurally impossible to raise there now, is

procedurally barred from review in federal habeas).

16

Petitioner's second ground for relief is, "Judge erred by abuse of discretion in that he/she enhanced petitioner's non-violent charges. Supporting facts: Judge stated at reconsideration hearing that she sentenced petitioner with the understanding that petitioner had (2) prior strong armed robbery charges and solicitor clarified that only (1) prior strong armed robbery conviction."

Likewise, ground two is procedurally barred.[3]  Petitioner raised no objection to his sentence at his guilty plea/sentencing or at his motion for reconsideration.  As a result, this issue was procedurally defaulted at the circuit court level and could not be raised on appeal even with the filing of an Anders brief. Mahdi v. State, 383 S.C. 135, 678 S.E.2d 807 (2009) (challenges to sentencing must be raised at sentencing or the issue is not preserved for appellate review).  As a result, this issue is procedurally barred on federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87 (1977)(failure to preserve issue under state law results in procedural bar on federal habeas review).

Petitioner's third and final ground for relief presented here is, "Violation of Due Process in that counsel failed to inform petitioner of his right to appeal.  Supporting facts: Plea counsel admitted to not informing petitioner of his right to appeal during questioning at post-conviction relief hearing."  This ground is moot as the relief he seeks here was granted in state court when he received a belated direct appeal in the South Carolina Supreme Court.  No habeas relief should issue.

---

[3] Furthermore, questions concerning the appropriate sentence Petitioner should have received is a matter solely within the province of the state courts and is not a cognizable claim in a federal habeas action. See Estelle v. McGuire, 502 U.S. 62 (1991) (We have stated many times that federal habeas corpus relief does not lie for errors of state law).

17

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 23) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE.  The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[4]

IT IS SO RECOMMENDED.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 12, 2014
Charleston, South Carolina

**The parties are directed towards the important notice on the next page.**

---

[4]    Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).